Darji v. Wilkinson

BIA
Wright, IJ
A205 727 174

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand twenty-one.

PRESENT:
    DEBRA ANN LIVINGSTON,
        *Chief Judge,*
    PIERRE N. LEVAL,
    RICHARD J. SULLIVAN,
        *Circuit Judges.*

_____

MADHAV DARJI,
        *Petitioner,*

        v.                                          18-2778
                                                    NAC

MONTY WILKINSON, ACTING
UNITED STATES ATTORNEY GENERAL,
        *Respondent.**

_____

FOR PETITIONER:            Jason Schaffer, Esq., New York,
                           NY.

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Monty Wilkinson is automatically substituted for former Acting Attorney General Jeffrey A. Rosen as Respondent.

**FOR RESPONDENT:** Ethan P. Davis, Acting Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel, Edward C. Durant, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Madhav Darji, a native and citizen of Nepal, seeks review of an August 21, 2018, decision of the BIA affirming an October 25, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Madhav Darji,* No. A205 727 174 (B.I.A. Aug. 21, 2018), *aff'g* No. A205 727 174 (Immig. Ct. N.Y. City Oct. 25, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We review the agency's adverse credibility determination under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a

2

credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Here, the agency's adverse credibility determination is supported by substantial evidence, including inconsistencies in Darji's testimony.

Although Darji asserted that he and his family were targeted by Maoists, the IJ was reasonably skeptical based on the fact that Darji's testimony was unclear and difficult to follow. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). We "give particular deference to [credibility determinations] that are

3

based on the adjudicator's observation of the applicant's demeanor," particularly "where, as here, [the observations] are supported by specific examples of inconsistent testimony." *Li Hua Lin v. U.S Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). The record supports the IJ's assessment of Darji's testimony because it reflects his varying and unclear answers as to whether he was a member of the Nepali Congress Party ("NCP"), the difference between the NCP and the Nepali Student Union, and why his original asylum application placed him in India during a large part of his alleged persecution in Nepal.

The agency also reasonably relied on inconsistencies in the evidence presented by the petitioner. Darji's statements at his credible fear interview conflicted with his testimony, and he omitted incidents of persecution during the interview. As an initial matter, the interview record bore sufficient "hallmarks of reliability" because the interview was memorialized in a typewritten list of questions and answers, Darji had an interpreter, his responses indicated that he understood the questions, and the interview included questions about past harm and fear of future harm as needed to elicit an asylum claim. *See Ming Zhang v. Holder*, 585

4

F.3d 715, 725 (2d Cir. 2009). Significantly, Darji's testimony and interview statement were inconsistent with respect to where a 2000 incident occurred, whether Maoists beat him or his father during that incident, and how much money they demanded. As a result, the IJ was not compelled to accept Darji's assertion that he provided the same information to the interpreter at the interview as he testified to at the hearing, particularly as the interview record indicates that Darji understood the interpreter. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citations omitted)). Nor did the IJ err in relying on Darji's failure to mention 2008 and 2011 interactions with the Maoists during the interview especially since those were more recent incidents central to his claim. *See Hong Fei Gao*, 891 F.3d at 78-79 (weight given to an omission depends, in part, on whether "facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances").

5

The agency also reasonably relied on inconsistencies between Darji's original and amended asylum applications. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). For example, his original application only mentioned incidents in 2000 and 2005, while his amended application included details from incidents in 2008 and 2011. As noted above, the IJ did not err in relying on these omissions, which went to the heart of Darji's asylum claim. *See Hong Fei Gao*, 891 F.3d at 78–81. The IJ was not required to credit Darji's explanation that he had planned to include these incidents in his personal statement because he did not include any such statement with his original application. *See Majidi*, 430 F.3d at 80.

The IJ also reasonably relied on various inconsistencies between Darji's testimony and his wife's letter. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). For instance, while both referenced a 2008 confrontation between Darji and the Maoists, Darji did not allege any physical harm, while his wife's letter stated that the Maoists beat him mercilessly. Darji and his wife also provided different descriptions of the 2011 incident, with Darji testifying that he was with one friend, and his wife indicating that he was with multiple friends. Lastly, Darji's wife described Darji's father's

6

2016 beating, which Darji did not even mention in his detailed written statement filed just months after the alleged beating.

Because Darji's testimony was in question, the IJ reasonably relied on his failure to rehabilitate his testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Moreover, the IJ did not abuse her discretion by giving limited weight to letters from Darji's family, friend, employer, and organizations because the authors were not available for cross-examination and some of them were interested parties. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (letters from alien's friends and family were insufficient to provide substantial support for alien's claims because they were from interested witnesses not subject to cross-examination),

7

*overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012).   The IJ was likewise justified in giving limited weight to Darji's hospital records, which provided treatment dates that predated the alleged hospitalization.

Given the inconsistencies and the lack of reliable corroboration, we find that the IJ's adverse credibility determination was supported by substantial evidence.   *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. And since Darji's claims for asylum, withholding of removal, and CAT relief are all based on the same factual predicates, the IJ's adverse credibility determination disposes of all three forms of relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8